## City of Chicago, Defendant in Error, v. Truax Greene & Company, Plaintiff in Error.

### Gen. No. 20,741. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Proceeding by the City of Chicago, plaintiff, against Truax Greene & Company, a corporation, defendant, for violation of an ordinance of the City of Chicago prohibiting the sale of cocaine by a druggist or other person "except upon the written prescription of a duly registered physician," and except that the drug may lawfully be sold at wholesale "upon the written order of a licensed pharmacist or licensed druggist, duly registered practicing physician, licensed veterinarian, or licensed dentist."

The evidence showed that one sale was made upon an order purporting to be signed by "J. R. Hoffman, M. D.," and on twelve orders purporting to be signed "J. M. Hoffman, M. D."

It was not contended that the purchaser came within the classes excepted by the ordinance nor was it denied that the orders were fictitious.

The defense was that the clerk who made the sales was deceived by the purchaser into the belief that the orders were genuine and made by physicians for whom the purchaser was a messenger, and as the clerk did not intend to sell to the purchaser in other than such representative capacity, there was no sale because there was no meeting of minds.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error, assigning as error the refusal of the court to admit evidence of the clerk's intent or

belief and evidence of the directions as to sales given him by defendant, and also the ruling and remark of the court that defendant must not argue to the jury that there was no sale.

RICE, LOWES & O'NEIL, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; GEORGE L. REKER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. DRUGGISTS, § 6*—*when scienter not essential to unlawful sale.* In a proceeding for a violation of the ordinance of the City of Chicago regulating the sale of cocaine to render the seller liable, it is not necessary that the sale be knowingly and wilfully made in violation of the ordinance, as the seller acts at his peril.

2. DRUGGISTS, § 6*—*when sale on fictitious order unlawful.* One selling cocaine on an order is bound to know whether the order relied upon is authentic and made by a registered or licensed physician as provided by the ordinance of the City of Chicago.

3. DRUGGISTS, § 6*—*when sale a question of law.* In a proceeding for the violation of the ordinance of the City of Chicago regulating the sale of cocaine, where the undisputed evidence shows that the cocaine was delivered and paid for, but upon a fictitious order, the question as to whether there was a sale is one of law for the court and not of fact for the jury.

4. SALES, § 19*—*when genuineness of order on which made immaterial.* Where there is a delivery by a salesman to a cash purchase of goods out of stock kept for sale, there is a meeting of minds, even though the seller was deceived as to the genuineness of the order and the real beneficiary.

5. DRUGGISTS, § 6*—*when instruction as to absence of guilty motive proper.* In a proceeding for violation of the ordinance of the City of Chicago regulating the sale of cocaine, an instruction that in fixing the penalty the jury may consider the absence of a guilty intent or the existence of an honest motive in the mind of defendant's clerk who made the sale, is proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. APPEAL AND ERROR, § 1512*—*when rulings harmless error.* In a proceeding for the violation of the ordinance of the City of Chicago regulating the sale of cocaine, where a judgment against defendant was bound to follow the undisputed facts and the jury fixed the minimum penalty for the offense, error of the court in its rulings and remarks is not ground for reversal.